ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SALVADOR MORALES RODRIGUEZ, ENID YANIRA MERCEDES NIEVES<br><br>Peticionarios<br><br>v.<br><br>CHRISTOPHER BERRIOS NIEVES<br><br>Recurrido | TA2025CE00309 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: FA2024CV01024<br><br>Sobre: Incumplimiento de Contrato; Cobro de Dinero; y Ejecución |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

Comparecen Salvador Morales Rodríguez y Enid Yanira Mercedes Nieves (en conjunto, "Peticionarios") mediante *Certiorari* y nos solicitan que revisemos la *Resolución Interlocutoria* emitida el 25 de junio de 2025, notificada el 26 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("TPI"). En virtud del referido dictamen, el TPI denegó una *Solicitud de Ejecución de Sentencia, Cancelación de Hogar Seguro y Prohibición de Enajenar* instada por los peticionarios.

Por los fundamentos que proceden, se *deniega* la expedición del auto de *certiorari*.

## I.

El 8 de octubre de 2024, el matrimonio Morales-Mercedes instaron una *Demanda* sobre incumplimiento de contrato, cobro de dinero y ejecución de hipoteca contra Christopher Berríos Nieves ("señor Berríos Nieves" o "Recurrido"). Sostuvieron que, mediante escritura de compraventa, le vendieron al señor Berríos Nieves, por

el precio ajustado de $163,507.30, la propiedad inmueble descrita a continuación:

> URBANA: Solar radicado en la Urbanización River Edge Hills, localizada en el Barrio Sabana del término municipal de Luquillo, Puerto Rico, que se describe en el plano de inscripción de la urbanización con el número, área, y colindancias que se relacionan a continuación: número del solar B-71, Área del Solar: 450.00 metros cuadrados. En lindes por el Norte en 30.00 metros con el solar B-72; por el Sur en 30.00 metros con el lote B-70; por el Este en 15.00 metros con la Calle Rio Sabana y por el Oeste en 15.00 metros con el lote B-85. Y B-84.
>
> El inmueble antes descrito contiene una casa de concreto reforzado, diseñada para una sola familia.
>
> Inscrita al folio 93 del tomo 297 de Luquillo, finca numero 12,614 Registro de la Propiedad de Fajardo.[1]

Detallaron que, entre otras, el inmueble se encontraba gravado por una hipoteca, en rango de segunda, otorgada por el señor Berríos Nieves, garantizada por un Pagaré a favor del matrimonio Morales-Mercedes por la cantidad de $60,000.00. Alegaron que, a partir del 1 de agosto de 2023, el recurrido había incumplido con los pagos acordados, acumulando así una deuda de $36,900.00. Por tanto, solicitaron la ejecución de la referida hipoteca, así como la reversión del negocio de compraventa.

Tras varias instancias procesales, el 27 de enero de 2025, notificada el día siguiente, el foro de instancia emitió una *Sentencia*. El 28 de enero de 2025, la parte peticionaria solicitó una enmienda *nunc pro tunc*, a los únicos efectos de corregir un defecto relacionado a la descripción de la finca objeto del litigio.

Ante ello, dictaminó una *Sentencia Enmendada Nunc Pro Tunc*, notificada el 30 de enero de 2025. Mediante el referido dictamen, el TPI declaró Con Lugar la *Demanda* presentada por los peticionarios. Por consiguiente, ordenó al señor Berríos Nieves a: (1) firmar un instrumento público para reversar el título del inmueble;

---

[1] Apéndice del recurso, Entrada Núm. 1, pág. 1.

(2) desalojar la propiedad; y (3) pagar la suma de $36,900.00, correspondiente al principal, más los intereses que este hubiera devengado. Asimismo, le impuso el pago de las costas, gastos y honorarios de abogado. Además, en caso de que el señor Berríos Nieves no efectuara el pago, autorizó al Alguacil del Tribunal a vender la finca en pública subasta, para satisfacer las cantidades adeudadas.

El 14 de marzo de 2025, los peticionarios instaron una *Solicitud de Ejecución de Sentencia.* En virtud de ella, solicitaron que se le ordenara al Alguacil del Tribunal a firmar la escritura de reversión de título. A su vez, peticionaron que se emitiera una orden de prohibición de enajenar, en la cual se le ordenara al Registrador a anotar la prohibición en el Registro de la Propiedad. Ese mismo día, notificada el 17 de marzo de 2025, el foro de instancia emitió la correspondiente *Orden de Ejecución.*

El 25 de junio de 2025, los peticionarios presentaron una *Solicitud de Ejecución de Sentencia, Cancelación de Hogar Seguro y Prohibición de Enajenar.* Adujeron que el señor Berríos Nieves es dueño de las siguientes fincas: (1) finca 10,154 de Loíza; (2) finca 37,778 de Guaynabo; y (3) finca 54,480 de Carolina. Especificaron que las fincas 10,154 y 54,480 fueron designadas como hogar seguro. Manifestaron que los actos del recurrido, al inscribir más de una propiedad como hogar seguro, constituyen delito. Como resultado, solicitaron la cancelación de la designación de hogar seguro con relación a la finca 10,154 y que se tenga por no puesta o nula la designación correspondiente a la finca 37,778.

Ese mismo día, notificada el día siguiente, el foro de instancia emitió una *Resolución Interlocutoria,* mediante la cual denegó lo peticionado por el matrimonio Morales-Mercedes. En específico, dispuso lo siguiente:

Véase Orden de Ejecución con relación a la Sentencia emitida por este Tribunal en la finca 12614 sobre la cual obra hipoteca de la acción presentada. Del remedió no ser suficiente podrá solicitar otros remedios. **Cualquier solicitud para cancelación de hogar seguro sobre cualquier otra finca deberá ser presentada en un pleito independiente.**[2]

(Énfasis suplido)

Inconforme, el 11 de julio de 2025, el matrimonio Morales-Mercedes presentó una *Solicitud de Reconsideración*, la cual fue denegada mediante *Resolución Interlocutoria* dictada el 22 de julio de 2025. Insatisfechos aún, el 18 de agosto de 2025, acudieron ante esta Curia mediante *Certiorari*. Los peticionarios realizaron el siguiente señalamiento de error:

> **Erró el TPI al denegar nuestra solicitud de ejecución del cobro de las cantidades solicitadas desestimación por el fundamento que surge en la entrada 31 de SUMAC, cuando el asunto del cobro de las cantidades adeudadas no se ha ejecutado y nada impide que se anote el embargo en las propiedades del demandado.**

El 20 de agosto de 2025, notificada el 25 de agosto de 2025, este Tribunal emitió una *Resolución*, mediante la cual le concedimos al señor Berríos Nieves parte recurrida un término de diez (10) días para presentar su alegato en oposición, so pena de proceder sin el beneficio de su comparecencia. Transcurrido el término otorgado, sin la comparecencia de la parte recurrida, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina*

---

[2] Apéndice del recurso, Entrada Núm. 31.

*Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en

la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

En el recurso que nos ocupa, los peticionarios sostienen que, en un procedimiento sobre ejecución de hipoteca, el foro de instancia incidió al no autorizar la cancelación de una designación de hogar seguro.

Conforme surge del expediente, el caso de marras versa sobre una ejecución de hipoteca, correspondiente a la finca 12614 de Fajardo. No obstante, los peticionarios le solicitaron al TPI la cancelación de la designación de hogar seguro realizada en dos fincas ajenas al pleito de epígrafe. Ante ello, el TPI les advirtió a las partes que la cancelación del hogar seguro debía tramitarse en un pleito independiente.

Hemos examinado cuidadosamente el expediente, a la luz de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra*, y no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. En el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones